Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7856 | **DATE** | October 11, 2012 |
| **CASE TITLE** | Jammie King (B74955) vs. Cook County Jail | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 3), is granted. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. The Court authorizes prison officials to deduct $8.92 from plaintiff's trust fund account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Big Muddy River Correctional Center. On the Court's own motion, Sheriff Tom Dart is added a defendant. The clerk shall issue a summons for service on defendant Dart and send the plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. The Cook County Jail is dismissed.

■[ For further details see text below.]     Docketing to mail notices.

# STATEMENT

     Pro se plaintiff Jammie King, an Illinois Department of Corrections inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

     The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.92. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

     Plaintiff alleges that he was stabbed by fellow detainees at the Cook County Jail on February 24, 2012. He claims that the John and Jane Doe correctional officers improperly released the detainees resulting in the incident. Plaintiff may proceed with a claim of deliberate indifference for failure to protect from a known risk of assault. *Brown v. Budz*, 398 F.3d 904, 914-15 (7th Cir. 2005).

     Plaintiff should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. Naming them as John and Jane Does in

insufficient. He cannot obtain service on Doe defendants, he must determine their names. To facilitate the identification of Doe defendants, on the Court's own motion, Sheriff Tom Dart is added as a defendant solely so that plaintiff may identify the Doe defendants. Once an attorney has entered an appearance on Dart's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John and Jane Doe defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the Doe defendants' identities, he may submit a proposed amended complaint that names the Doe defendants under their actual names. Summonses will then issue for service on the defendants who allegedly injured him. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the Does defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Should plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

The Cook County Jail is dismissed because it is a non suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam); *Copeland v. Cook County Jail.org*, No. 12 C 6184, 2012 WL 3476581, at *1 (N.D. Ill. Aug. 13, 2012).

The clerk shall issue a summons for service on defendant Dart and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, the Cook County Jail, shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendants pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise

| STATEMENT |
|---|
| fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.<br><br>    Plaintiff's request for counsel (Dkt. No. 4), is denied without prejudice because he has failed to first seek counsel on his own. A party is required to try to find his own counsel before requesting it from the Court. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Any renewed request for counsel must include evidence of plaintiff's efforts, such as letters he receives from law firms or legal aid services responding to his request. |